IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY RENEE LEASURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-968 |
| STAPLES, INC., JAMES C. SKINNER, individually | ) |
| and as agent for Staples, Inc., LINDA | ) |
| ROBINSON, individually and as agent for | ) |
| Staples, Inc., THE TOWNSHIP OF ROBINSON, | ) |
| THE ROBINSON TOWNSHIP POLICE | ) |
| DEPARTMENT, and OFFICER SCOTT KOST, | ) |
| Badge No. 32, individually and in his | ) |
| capacity as police officer for the Township | ) |
| of Robinson, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
## and
## ORDER OF COURT

Pending before the Court are identical Motions for Sanctions filed by Defendants Staples, Inc., James Skinner, and Linda Robinson ("Staples Defendants") and Defendants Robinson Township Police Department and Officer Scott Kost ("Police Defendants"), seeking dismissal of this action due to Plaintiff's repeated failure to appear at her own deposition.  (Docket Nos. 34, 35).  For the reasons set forth below, Defendants' Motions are granted.

## I. BACKGROUND

On or about June 28, 2005, Plaintiff, a former Staples employee, filed an

1

eleven-count Amended Complaint in the Court of Common Pleas of Allegheny County alleging, inter alia, false imprisonment, false arrest, malicious prosecution, negligent supervision, and intentional infliction of emotional distress, arising out of an incident in which Staples management accused her of theft and allegedly coerced her into signing a false confession, leading to her subsequent discharge from employment, arrest, and prosecution. The case subsequently was removed to this Court.[1]

On August 30, 2005, I issued a Case Management Order stating, inter alia, that discovery must be completed by March 20, 2006. (Docket No. 16). On February 1, 2006, Plaintiff's attorneys filed a motion to withdraw as counsel, on the grounds that Plaintiff had been unavailable to her attorneys, uncooperative, and would not heed her attorneys' advice or direction. See Docket No. 25. I granted this Motion on February 21, 2006. (Docket No. 30). On that same date, I issued an Amended Case Management Order extending, inter alia, the discovery deadline until May 19, 2006. (Docket No. 31). As far as I am aware, Plaintiff remains unrepresented by counsel to date.

On May 18, 2006, the Staples Defendants filed a Motion to compel Plaintiff's deposition and to amend the Case Management Order. (Docket No. 32). In the Motion to Compel, the Staples Defendants averred that Plaintiff failed to appear for her deposition, which the Staples Defendants had noticed for May 8, 2006. The

---

[1] On August 30, 2005, I granted the Staples Defendants' Motion to dismiss Plaintiff's claims for defamation, wrongful discharge, and negligent infliction of emotional distress (Counts IV, VI, and VII). I denied the Motion to Dismiss in all other respects. (Docket No. 17).

Staples Defendants further averred that Plaintiff had failed to respond to their various attempts to contact her regarding the situation.  On May 22, 2006, I granted the Motion to Compel and entered an Order compelling Plaintiff to appear at a deposition within the next thirty days.  (Docket No. 33).  At that time, I did not grant the Staples Defendants' alternative request that I dismiss the case with prejudice as a sanction for Plaintiff's discovery violation.

On June 20, 2006, the Staples Defendants filed a Motion for Sanctions, again seeking dismissal of Plaintiff's action, on the grounds that Plaintiff again had failed to appear at her deposition, which the Staples Defendants had rescheduled for June 19, 2006.  (Docket No. 34).  On June 21, 2006, the Police Defendants filed a Motion for Sanctions incorporating the Staples Defendants' motion and also requesting dismissal.  (Docket No. 35).  Plaintiff did not respond to Defendants' Motions.[2]  Plaintiff also failed to appear at a scheduled Status Conference in this case on June 28, 2006.

## II.  ANALYSIS

Federal Rule of Civil Procedure 37(d) empowers courts to impose sanctions upon a party who fails to attend her own deposition, including dismissal of the action.  See Fed. R. Civ. P. 37(d); see also Fed. R. Civ. P. 37(b)(2)(C).  Similarly, Rule 41(b) permits courts to dismiss an action for failure of the plaintiff to prosecute or to comply with the Rules of Civil Procedure or any order of court.  Fed. R. Civ. P. 41(b).  Whether to dismiss a case for failure to appear for a deposition or to abide by court

---

[2]  Plaintiff's Response to Defendants' Motions was due on June 26, 2006.

orders is within the discretion of the trial court.  See Hicks v. Feeney, 850 F.2d 152,

156 (3d Cir. 1988); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683,

691 (3d Cir. 1988).

     In determining whether to dismiss an action under Rule 37(d), I must consider

the following six factors set forth by the Court of Appeals for the Third Circuit in

Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984): (1) the extent of

the party's personal responsibility; (2) the prejudice to the adversary caused by the

party's noncompliance; (3) the history of delay; (4) whether the conduct of the party

or the attorney was willful or in bad faith; (5) the availability and effectiveness of

alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.

With these six factors in mind, I turn to the circumstances of this case.

## A.  The Extent of Plaintiff's Personal Responsibility

     On April 25, 2006, the Staples Defendants sent a letter to Plaintiff enclosing a

Notice of Deposition to occur on May 8, 2006.  Docket No. 32, Ex. A.[3]  On May 1, 2006,

Plaintiff called counsel for the Staples Defendants regarding the deposition and

requested that the location of the deposition be moved.  Id.  On that same date,

counsel for the Staples Defendants returned Plaintiff's telephone call and left a

message indicating that the deposition location would not be moved from counsel's

office in Pittsburgh.  Id.  Plaintiff did not contact counsel in any manner following

this message.  Id.  On May 8, 2006, counsel for the Staples Defendants and the Police

---

[3]  These facts are taken from the Staples Defendants' current Motion and/or previous
Motion to Compel.  Plaintiff failed to respond in any way to these motions and has not otherwise
disputed the facts as set forth therein.

Defendants appeared for the deposition.  Plaintiff, however, did not appear.  Id.

Following the deposition, counsel for the Staples Defendants called the same telephone number Plaintiff provided in her previous contact with counsel and indicated that she would need to contact counsel to reschedule the deposition.  In addition, on May 15, 2006, via Federal Express overnight mail, counsel for the Staples Defendants sent a letter to Plaintiff at the address for Plaintiff listed on Plaintiff's counsel's February 2006 Motion to Withdraw.  This is the last known address defense counsel has for Plaintiff.  Docket No. 32 ¶¶ 11-12.  The letter requested that Plaintiff contact the Staples Defendants' counsel regarding scheduling her deposition and informed her that, if she did not do so, a motion to compel the deposition would be filed on May 18, 2006.  Counsel also requested that Plaintiff provide them with updated address information if her address had changed.  The Staples Defendants supplied me with a copy of e-mail verification from Federal Express that the letter was delivered.  Docket No. 32, Ex. C.

Plaintiff did not respond to the May 15, 2006 letter, causing the Staples Defendants to file their Motion to Compel.  As set forth above, I granted the Motion to Compel on May 22, 2006, and ordered Plaintiff to appear for a deposition within thirty days.  The Staples Defendants sent a letter by U.S. Mail to Plaintiff enclosing a Notice of Deposition scheduling the deposition for Monday, June 19, 2006.  Plaintiff again failed to appear and has not contacted counsel for Defendants or the Court.  Docket No. 34.

I find that Plaintiff is personally responsible for her above-described failures

to attend her deposition and her disobedience of my order compelling her to do so.  As demonstrated above, the Staples Defendants made every effort to contact Plaintiff and complete her deposition within the time allotted for discovery. Plaintiff's May 1 phone call to counsel demonstrates that she was aware the Staples Defendants were attempting to schedule the deposition.  I recognize that Plaintiff has been proceeding <u>pro se</u> since February 2006.  I cannot allow even a <u>pro se</u> plaintiff, however, to ignore proper discovery requests, disobey my orders, and essentially pursue (or, in this case, not pursue) the litigation on her own terms.  In addition, Plaintiff's <u>pro se</u> status makes her even more personally responsible for her inaction since she cannot shift the blame to her counsel.

I also recognize that it is uncertain whether Plaintiff continues to reside at her last-known address.  Plaintiff, however, acknowledged receipt of the first notice of deposition the Staples Defendants mailed to her on April 25, 2006, thus indicating that she was receiving mail delivered to that address at least as of that time.  The Staples Defendants' FedEx letter also was successfully delivered to the address. Moreover, none of the mail delivered to this address has been returned to either Defendants or the Court.   Even if Plaintiff no longer resides at the address on file, it is her responsibility to inform Defendants and the Court of her current contact information.  Plaintiff's call to the Staples Defendants' counsel on May 1, 2006 demonstrates that she has the knowledge and ability to do just that.

For all of these reasons, the first <u>Poulis</u> factor weighs in favor of Defendants.

## B.  Prejudice to the Adversary

Plaintiff's conduct has severely prejudiced Defendants.  In addition to the fact that Defendants were forced to incur costs to obtain a court order to force Plaintiff to appear for a deposition, Plaintiff's refusal to be deposed has effectively prevented Defendants from preparing a defense to Plaintiff's claims.

I recognize that because Plaintiff seeks damages from Defendants, if Plaintiff never prosecutes the case, Defendants indirectly prevail.  Yet, Defendants, like all parties, have a great interest in having litigation brought to an end.  Defendants are further prejudiced by the uncertainty, expense, and inconvenience that are inherent when a case such as this extends indefinitely.

## C.  A History of Dilatoriness

I fail to see where Plaintiff has taken any substantial action to prosecute this case.  In addition to her utter and repeated failure to appear for her deposition, Plaintiff has made no attempts whatsoever to communicate in any fashion with this Court since her counsel withdrew from this case in February 2001.[4]  Similarly, with the exception of one May 1, 2006 phone call, Plaintiff has likewise failed to communicate with counsel for Defendants.  Plaintiff also has not engaged in any discovery whatsoever and has not requested any additional extensions of time to do so.  Plaintiff did not respond to Defendants' Motion to Compel or the instant Motions for Sanctions, and she failed to appear for the Status Conference held on

_____

[4] In their Motion to Withdraw, Plaintiff's former counsel indicated that Plaintiff had been unavailable to them, had been uncooperative, and would not heed their advice or direction. Docket No. 25.  These circumstances further support a finding of dilatoriness as well as personal responsibility and willfulness.

7

June 28, 2006.  Given this significant pattern of delay, the third <u>Poulis</u> factor favors Defendants.  <u>See</u> <u>Poulis</u>, 747 F.2d at 868.

**D.  <u>Whether Plaintiff's Conduct Was Willful or in Bad Faith</u>**

Because Plaintiff has failed to respond to Defendants' Motions or my Court Orders, I have no indication of why Plaintiff twice failed to appear for her deposition.  I note, however, that Plaintiff's course of dilatory conduct and complete lack of response to court orders and deadlines reflects a total noncompliance with the federal and local rules of civil procedure and is a strong indication of willful conduct or inexcusable gross negligence.  I only can presume that Plaintiff has abandoned this project.

**E.  <u>Alternative Sanctions</u>**

As an initial matter, I note that I already attempted to impose a lesser sanction in this case when I denied the Staples Defendants' first request to dismiss this lawsuit and instead entered an order compelling Plaintiff to attend her deposition within thirty days.  Plaintiff, however, ignored my Order, thus rendering the sanction ineffective.  Given Plaintiff's complete unresponsiveness in this case, I find that other alternative sanctions, such as imposing costs or preclusion of testimony, will not spur Plaintiff to end her pattern of inactivity.  Furthermore, as set forth above, Plaintiff's failure to appear at her deposition has made it impossible for Defendants to properly defend this action.  Any lesser sanction than dismissal will not cure this prejudice.

**F.  Meritoriousness of Plaintiff's Claim**

For purposes of this factor, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70.  In this regard, I note that all but three of Plaintiff's counts against the Staples Defendants survived a Motion to Dismiss, indicating that, if established at trial, Plaintiff's remaining allegations against the Staples Defendants would support recovery by Plaintiff.  The Police Defendants did not file a Motion to Dismiss.  Thus, the only document before me setting forth the bases of Plaintiff's claims against the Police Defendants is the Amended Complaint itself.

Despite the facial merit to Plaintiff's claims, her refusal to subject these claims to scrutiny through the normal discovery process must engender skepticism.  Even if this factor weighs in favor of Plaintiff, it does not overcome the weight of the other factors in favor of Defendants.  See Curtis T. Bedwell & Sons, 843 F.2d at 696.

### III.  CONCLUSION

Upon consideration of all of the above factors, I find that at least five of the six factors strongly support dismissal here.  Indeed, Plaintiff's utter failure to appear for her deposition or otherwise participate in this case has left me with  no other meaningful recourse.  Because the balance of factors heavily weighs in favor of dismissal, Defendants' Motions for Sanctions seeking dismissal are granted.  An appropriate Order follows.

* * * * * * * * * * * * * * * * * * * * * * * * * * *

9

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY RENEE LEASURE, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | Civil Action No. 05-968 |
| | ) |
| | ) |
| STAPLES, INC., JAMES C. SKINNER, individually | ) |
| and as agent for Staples, Inc., LINDA | ) |
| ROBINSON, individually and as agent for | ) |
| Staples, Inc., THE TOWNSHIP OF ROBINSON, | ) |
| THE ROBINSON TOWNSHIP POLICE | ) |
| DEPARTMENT, and OFFICER SCOTT KOST, | ) |
| Badge No. 32, individually and in his | ) |
| capacity as police officer for the Township | ) |
| of Robinson, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **29th** day of June, 2006, it is ordered that the Motions for Sanctions filed by Defendants Staples, Inc., James C. Skinner, and Linda Robinson (Docket No. 34) and Defendants Robinson Township Police Department and Officer Scott Kost (Docket No. 35) are GRANTED to the extent they request dismissal of Plaintiff's Amended Complaint.  It is further ordered that the Amended Complaint filed by Plaintiff Ashley Renee Leasure in the above-captioned case is DISMISSED, with

prejudice. Judgment is entered in favor of Defendants and against Plaintiff. This case is marked  "<u>CLOSED</u>" *forthwith*.

BY THE COURT:

<u>/S/   Donetta W. Ambrose</u>

Donetta W. Ambrose,
Chief U. S. District Judge